OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Lisa Puskar, appeals from a final judgment of the Trumbull County Court of Common Pleas, Juvenile Division, granting appellee, Eric Dando, custody of the couple's minor child, Cain M. Dando ("Cain").
The following facts are relevant to this appeal. Appellant and appellee, although not married, were living together at the time of Cain's birth on March 1, 1994. After the parties separated in 1995, Cain continued to live with appellant, and appellee was given visitation privileges.
On June 11, 1998, appellee filed a complaint asking the juvenile court to determine the parental rights and responsibilities of the parties, and to designate him as the residential parent. A magistrate conducted a hearing on November 2, 1999, November 3, 1999, and January 7, 2000. After considering the evidence, the magistrate issued a decision on July 31, 2000, in which he recommended that appellee be granted temporary custody of the child. Appellant filed objections to the magistrate's decision that were overruled by the juvenile court.
From this decision, appellant filed a notice of appeal with this court. However, upon appellee's motion, we dismissed appellant's appeal because the granting of temporary custody to appellee was not a final appealable order.
The magistrate conducted a subsequent hearing on June 5, 2001. In a decision dated June 18, 2001, the magistrate concluded that it would be in Cain's best interest if legal custody remained with appellee. As before, appellant filed objections to the magistrate's decision. After considering her arguments, the juvenile court overruled appellant's objections and adopted the magistrate's decision in its entirety.
Appellant once again filed a notice of appeal with this court. She now argues under her sole assignment of error that the juvenile court erred in granting appellee legal custody of Cain because the court placed too much emphasis on the parties' respective incomes and standards of living when making its decision.
We note that appellant filed timely objections to the magistrate's decision on June 25, 2001. However, it is apparent from the juvenile court's judgment entry that appellant failed to include a transcript or affidavit of the magistrate's hearing with those objections, despite the fact that the proceedings apparently were recorded.[1]
Juv.R. 40(E)(3)(b) provides:
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
The duty to provide a transcript or affidavit of the proceedings to the juvenile court rests with the party objecting to the magistrate's decision. This court has held on numerous occasions that the objecting party's failure to provide the juvenile court with a proper record per Juv.R. 40(E)(3)(b) constitutes waiver of the alleged error on appeal. Inre Wright (Feb. 23, 2001), Trumbull App. No. 2000-T-0108, unreported, 2001 WL 220235, at 2-3; In re O'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported, 2000 WL 1738366, at 2-3; In re Stone (Sept. 15, 2000), Lake App. No. 99-L-109, unreported, 2000 Ohio App. LEXIS 9209, at 5-6; In re Pollis (May 8, 1998), Trumbull App. No. 97-T-0066, 1998 Ohio App. LEXIS 2122, at 4. See, also, Civ.R. 53(E).
As we noted above, appellant is now arguing that the juvenile court improperly considered the evidence that was introduced during the hearing. That analysis obviously would require this court to review the testimony. Unfortunately, appellant's failure to provide the juvenile court with a transcript or affidavit is fatal to her appeal because we are required to presume that the record supports the actions of the juvenile court unless appellant can demonstrate otherwise. O'Neal at 3.
Even though appellant did not file a transcript, the juvenile court was still obligated to review the magistrate's decision to determine whether there is "`an error of law or other such defect on the face of the magistrate's decision.'" Batsch v. Tress (Sept. 7, 2001), Portage App. No. 2000-P-0022, unreported, 2001 WL 1023523, at 4, quoting Juv.R. 40(E)(4)(a). Here, the juvenile court reviewed the magistrate's decision and did not find any such errors or defects. Our review shows that the magistrate clearly conducted a comprehensive review of the evidence and issued a very thorough decision in which each relevant factor under R.C.3109.04(F)(1) was fully addressed. Appellant's sole assignment of error, therefore, is without merit.
Based on the foregoing analysis, the judgment of the juvenile is affirmed.
NADER, J., GRENDELL, J., concur.
[1] We would note that appellant also has not filed a transcript of the hearing with this court.